NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH KLEIN,                          :
                                        :     Civil Action No. 04-5183 (GEB)
            Plaintiff,                  :
                                        :
      v.                                :     **OPINION**
                                        :
MICHAEL SHERNICOFF,                     :
                                        :
            Defendant.                  :

**APPEARANCES:**

Kenneth Klein, Plaintiff pro se
Monmouth County Correctional Institution
1 Waterworks Road
Freehold, NJ 07728

RECEIVED
MAY 19 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**BROWN, Jr.**, District Judge

Plaintiff Kenneth Klein, a pre-trial detainee currently confined at Monmouth County Correctional Institution in Freehold, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

---

[1] Plaintiff originally applied for leave to proceed in forma pauperis, but subsequently withdrew that request and paid the filing fee in full.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted for purposes of this review.

Defendant investigator Michael Shernicoff allegedly presented false information in order to obtain a search warrant. In the execution of that warrant, Shernicoff seized documents that had no bearing on the pending criminal investigation. Shernicoff made false accusations against Plaintiff to cause criminal charges to be brought against Plaintiff. Finally, Shernicoff presented false information so that bail would be set at an excessively high amount. Plaintiff seeks injunctive relief in the form of an order prohibiting Shernicoff from seizing any more of Plaintiff's files, release from imprisonment, return of all seized materials, and compensatory and punitive damages.

This Court construes the Complaint as asserting claims of unlawful search in violation of the Fourth Amendment, malicious prosecution, and excessive bail in violation of the Eighth Amendment.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.

§ 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

A.   Search without Probable Cause

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had

been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

Specifically addressing, albeit in dicta, whether a § 1983 suit, for damages attributable to an allegedly unreasonable search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of

6

> doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not <u>necessarily</u> imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does <u>not</u> encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

<u>Heck</u>, 512 U.S. at 487 n.7.

The circuits are split as to the proper interpretation of footnote seven. At least three circuits have held that footnote seven creates a general exception to <u>Heck</u> for Fourth Amendment unreasonable search and seizure claims. <u>See</u>, <u>e.g.</u>, <u>Copus v. City of Edgerton</u>, 151 F.3d 646, 648 (7th Cir. 1998); <u>Simmons v. O'Brien</u>, 77 F.3d 1093, 1095 (8th Cir. 1996); <u>Datz v. Kilgore</u>, 51 F.3d 252, 253 n.1 (11th Cir. 1995). Other circuits permit such claims to go forward only after the district court makes an individualized determination that a favorable ruling in that case would not undermine the related criminal conviction or pending criminal proceedings. <u>See</u>, <u>e.g.</u>, <u>Ballenger v. Owens</u>, 352 F.3d 842 (4th Cir. 2003); <u>Harvey v. Waldron</u>, 210 F.3d 1008 (9th Cir. 2000); <u>Shamaeizadeh v. Cunigan</u>, 182 F.3d 391 (6th Cir.), <u>cert. denied</u>, 528 U.S. 1021 (1999); <u>Hudson v. Hughes</u>, 98 F.3d 868, 872 (5th Cir. 1996); <u>Woods v. Candela</u>, 47 F.3d 545, 546 (2d Cir.), <u>cert. denied</u>, 516 U.S. 808 (1995). <u>Cf.</u> <u>Beck v. City of Muskogee Police Dept.</u>, 195 F.3d 553, 559 n.4 (10th Cir. 1999) (generally disagreeing with courts that make an individualized

determination, but noting that the case before it was not the "rare situation ... where all evidence was obtained as a result of an illegal arrest"). The Court of Appeals for the Third Circuit has not addressed this specific issue.

Here, the question whether the claim has accrued is complicated by the fact that the investigation and prosecution are ongoing. Cf. Smith v. Holt, 87 F.3d 108 (3d Cir. 1996) (claims that would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge do not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist), cert. denied, 519 U.S. 1041 (1996); Shamaizadeh v. Cunigan, 182 F.3d 391 (6th Cir.) (same), cert. denied, 528 U.S. 1021 (1999); Covington v. City of New York, 171 F.3d 117 (2d Cir.) (same), cert. denied, 528 U.S. 946 (1999). If this unlawful search claim were permitted to proceed at this time, the very real possibility exists that the civil rights action might produce a result at odds with that of the criminal proceeding, the very evil that the Heck rule is intended to avoid. See Heck, 512 U.S. at 484-85. Accordingly, this claim must be dismissed without prejudice as premature.

B.  Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as

it has developed over time, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998); <u>Luthe v. Cape May</u>, 49 F. Supp.2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff. <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975). A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" <u>Gallo</u>, 161 F.3d at 222 (quoting <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 116 (2d Cir. 1995)); <u>see</u> <u>Albright v. Oliver</u>, 510 U.S. 266 (1994). Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding. <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994).

Here, Plaintiff has failed to allege a favorable termination of the criminal proceeding. Accordingly, this claim does not appear to have accrued and will be dismissed without prejudice.

C. <u>Excessive Bail</u>

Plaintiff contends that Shernicoff perjured himself in the bail proceeding and, as a result, Plaintiff was subjected to excessive bail. Plaintiff seeks damages and release from confinement.

In the State of New Jersey, bail is set by judicial officers. <u>See</u>, <u>e.g.</u>, New Jersey Court Rules 3:4-1, 3:4-2, 3:26-2, 7:4-2. <u>See generally</u>, <u>State v. Fann</u>, 239 N.J. Super. 507, 514-16, 524-27 (1990) (describing bail procedures in New Jersey). Witnesses, including police witnesses, are absolutely immune from civil damages based upon their testimony in judicial proceedings. <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 341-46 (1983). The claim for damages arising out of Shernicoff's testimony during bail proceedings must be dismissed with prejudice.

Moreover, to the extent Plaintiff is awaiting trial in state proceedings, as he alleges, it would be inappropriate for this Court to provide injunctive relief, <u>see</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and <u>O'Shea v. Littleton</u>, 414 U.S. 488, 496 (1974), at least until such time as Plaintiff has exhausted his state remedies, when he then could file a petition for writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Clark v. Zimmerman</u>, 394 F.Supp. 1166 (M.D. Pa. 1975).

Accordingly, the claim for release must be dismissed without prejudice.

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed. It does not appear that Plaintiff could cure the deficiencies in his complaint by amendment at this time. An appropriate Order follows.

Garrett E. Brown, Jr.
United States District Judge

Dated: May 18, 2005